UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. | ] |
| Plaintiff, | ] |
| v. | ] No. 3:09-00959 |
| | ] JUDGE HAYNES |
| ANTHONY J. AQUILATO, | ] |
| Defendant. | ] |

## MEMORANDUM

Plaintiff, JPMorgan Chase Bank, N.A., a New York corporation, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendant, Anthony J. Aquilato, a Tennessee citizen, asserting a breach of contract claim. Plaintiff's claim arises from Defendant's alleged failure to make payments due on a guaranty agreement.

Before the Court is Plaintiff's motion for summary judgment (Docket Entry No. 16), contending that Defendant is in default of the terms of the notes and the guaranty between the parties and Plaintiff is entitled to a judgment for the amounts due under the notes in the amount of $117,345.96. Defendant has not filed a response to Plaintiff's motion for summary judgment.

For the reasons set forth below, the Court concludes that Plaintiff's motion for summary judgment should be granted.

### A. FINDINGS OF FACT[1]

---

[1]Plaintiff filed contemporaneously with its motion for summary judgment a statement of undisputed facts, (Docket Entry No. 14), in accordance with Local Rule 56.01(b). Defendant has not filed a response to Plaintiff's statement of undisputed facts. Accordingly, Plaintiff's proffered

Defendant was the President of a corporation named "Earshot Audio Resources, Ltd." ("Earshot"). (Docket Entry No. 14, Plaintiff's Statement of Undisputed of Facts at ¶ 3). On or about March 26, 2003, Earshot applied for, and Plaintiff issued, a business line of credit to Earshot in the amount of $10,000 with an interest rate of prime plus 8% ("Loan 1"). Id. at ¶ 4. On or about May 20, 2005, Earshot applied for, and Plaintiff issued, a business line of credit to Earshot in the amount of $50,000 with an interest rate of prime plus 2.75%. Id. at ¶ 5. On or about May 2, 2007, Earshot renewed the business line of credit extended to it on May 20, 2005, by executing a promissory note in favor of Plaintiff in the amount of $100,000 with an interest rate of prime plus 1.75% ("Loan 2"). Id. at ¶ 6. On or about May 3, 2007, Defendant executed a guaranty in favor of Plaintiff, guaranteeing the performance of Earshot under Loan 1, Loan 2 and the promissory note and the full and prompt payment of any indebtedness owed by Earshot to Plaintiff when due. Id. at ¶ 7. The promissory note and guaranty are also subject to additional terms. Id. at ¶ 8.

Earshot failed to make the required payments under the loans, is currently in default on both loans and, as a result, is in default of the promissory note. Id. at ¶¶ 9-11. Earshot's failures, along with Defendant's failure to make the required payments pursuant to the terms and conditions of the guaranty and additional terms, constitute an event of default under the Guaranty. Id. at ¶ 12.

As of May 19, 2010, the total amount outstanding under Loan 1 is $10,010.34, including principal, interest and fees, and this entire balance is due and owing. Id. at ¶ 13. As of May 19, 2010, the total amount outstanding under Loan 2 is $107,335.62, including principal, interest and fees, and this entire balance is due and owing. Id. at ¶ 14. Earshot has failed to pay these amounts. Id. at ¶ 15.

## B. CONCLUSIONS OF LAW

---

statements of fact are undisputed for purposes of summary judgment. Local Rule 56.01(g).

Summary judgment is appropriate where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). However, where, as here, the non-moving party does not formally oppose the motion for summary judgment, "summary judgment should, if appropriate, be entered" against the non-moving party. Fed. R. Civ. P. 56(e)(2).

A breach of contract claim has three elements: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and (3) damages caused by the breach of the contract. Life Care Ctrs. of America, Inc. v. Charles Town Assocs. Ltd. Partnership, LPIMC, Inc., 79 F.3d 496, 514 (6th Cir. 1996) (applying Tennessee Law).

The undisputed facts establish that Defendant executed the loans on behalf of Earshot and Defendant executed the guaranty. Defendant and his business did not make payments on the loans as they came due, and Defendant failed to make payment under the guaranty. Defendant does not dispute the amounts owed under the loans. Therefore, the Court concludes that there are not any genuine issues of material fact as to Plaintiff's of breach of contract claim.

Accordingly, the Court concludes that Plaintiff's motion for summary judgment (Docket Entry No. 16) should be granted.

An appropriate Order is filed herewith.

ENTERED this the 2nd day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge